OPINION
Plaintiff-appellant Alco Industries, Inc. dba U.S. Chemical 
Plastics, Inc. appeals the Judgment Entry of the Stark County Court of Common Pleas confirming the jury's verdicts in favor of defendant-appellee Zarlenga Industries, Inc. on the complaint and counterclaim as well as the Judgment Entry denying appellant's post-trial motions.
 STATEMENT OF THE FACTS AND CASE
Between 1994 and 1995, appellant and appellee discussed the possibility of appellee's designing and building an automotive tube handling system for appellant. Between August, 1994, and December 12, 1995, appellee submitted four separate proposals to create the machine desired by appellant. The desired machine was to load and move empty tubes along two separate processing lines or lanes allowing appellant to fill the tubes with epoxy resin and epoxy hardener. Appellant would ultimately sell the filled tubes to its market for use in automotive refinishing, repair, and related applications.
Appellee submitted its fourth proposal to appellant on December 12, 1994. In that plan, appellee proposed that the machine would automatically lift each tube to the nozzle, a lift of one quarter of an inch. Upon acceptance of the proposal, appellant submitted its Summary of Specifications, dated December 19, 1994, which was not received or utilized in the preparation of the December 12, 1994 proposal. The parties signed the Summary of Specifications, which were incorporated as part of the fourth proposal, on January 16, 1995. On that same day, appellant paid appellee 20% of the $270,644 purchase price. On March 22, 1995, appellant sent appellee a purchase order for the desired machine, which included a page of "Terms and Conditions," containing, among other things, an integration clause. Although the purchase order was signed by appellant, it was not signed by appellee.
Subsequently, appellant desired certain changes which would permit the machine to handle larger tubes in addition to the size of tubes originally contemplated. These changes, which added over $21,000 to the cost of the machine, were incorporated into a written change order dated April 3, 1995. Although appellant did not sign the changed order, Dennis Poje, appellant's Vice President of Manufacturing, orally approved the changes.
Thereafter, in June, 1995, appellant requested that appellee design the machine in such a manner that it would lift the tubes so that the fill nozzle would protrude three inches into each tube. In order to create such an effect, a total lift of three and one quarter inches was required. Appellee advised appellant that the requested change could alter the rate of each cycle. At the time, appellant's agents did not express concern over this possible result.
Over the course of developing and constructing the machine, appellee repeatedly waited for appellant to provide necessary information and equipment for the completion of the system.
In response to concerns regarding the rate available and shipment schedules, Dante Zarlenga advised Blaise Codispoti, appellant's Director of Operations, in a correspondence dated March 25, 1996, that the machine could achieve a cycle time of thirty one cycles per minute and that the anticipated date of delivery was sometime during the week of April 19, 1996. In response to this correspondence, Codispoti faxed Mr. Zarlenga a letter in which appellant "withdraws its purchase order for this project and requests all further work by your Company cease immediately." Codispoti based the termination on the inability of appellee to deliver a machine capable of forty-five tubes per minute per lane, the production speed which "has been a critical component of our specifications for this project." In a letter dated April 1, 1996, Mr. Zarlenga rejected appellant's "effort to `withdraw' [its] purchase order". Mr. Zarlenga advised appellant that appellee would cease work on the project until it received assurances from appellant that appellant would not breach the contract.
Immediately thereafter on April 4, 1996, appellant filed a complaint in Stark County Court of Common Pleas against appellee alleging breach of contract. Additionally, appellant sought an action for replevin, money damages, and equitable relief. On May 10, 1996, appellee filed a motion for a change of venue, which the trial court denied on May 29, 1996. On June 7, 1996, appellee filed its answer and a counterclaim alleging breach of contract.
In its July 29, 1996 Pretrial Order, the trial court set the matter for trial on December 16, 1996. Additionally, a discovery cut off date of September 30, 1996, was set for any discovery needed to support or oppose dispositive motions. The trial court permitted the parties to continue discovery on other matters until the date of trial. On October 7, 1996, appellant moved for summary judgment on appellee's counterclaim, which the trial court denied on December 4, 1996. On December 5, 1996, appellant sent a Civ. R. 34 (A) notice to appellee of its intent to enter upon the premises of Zarlenga Industries on the morning of December 9, 1996, to inspect and test the system. On December 6, 1996, Kevin Breen, appellant's counsel, sent a correspondence to Keith Spero, appellee's counsel, which reads, in part:
 In the meantime, I have authority for the following: The trial scheduled for December 16 will not take place. As we agreed, we will either have a dismissal with prejudice or without prejudice by that time. I will continue to be in close touch with you.
On December 9, 1996, Attorney Breen faxed the following correspondence to Attorney Spero:
 As indicated in our Rule 45 notice and in follow-up to our telephone discussion this morning, we will conduct an inspection of the machine beginning at 1:30 p.m. today. We will have in attendance three (3) engineers from U.S. Automation:
1. Leonard R. Holm;
2. David T. Miller; and
3. Nguyen Bau.
 If the case proceeds to trial on December 16, only one representative from U.S. Automation will testify. I understand that you intend to call William Harris of Overton Corporation as an expert. We will call no other technical experts at the December 16 trial.
On December 10, 1996, appellant filed a motion for continuance of trial and sanctions. In its motion, appellant explained that as indicated by the December 6, 1996 correspondence, counsel for the parties agreed to either voluntarily dismiss both the complaint and counterclaim without prejudice or, alternatively, dismiss the lawsuit with prejudice if a settlement could be achieved. Further, appellant complained that appellee failed to permit appellant to conduct a Civ. R. 34 (A) inspection and testing of the machine. Via Judgment Entry December 12, 1996, the trial court denied appellant's request for a continuance.
At trial, which commenced as scheduled on December 16, 1996, appellant attempted to call Goran Adolfsson of Norden, Inc. as a key fact and expert witness. The trial court refused to permit Mr. Adolfsson to testify finding that appellant had failed to timely disclose the witness to appellee. Prior to trial, on December 5, 1996, appellant sent its Supplemental Responses to Defendant's First Set of Interrogatories, which identified, for the first time, five (5) expert witnesses, including Adolfsson. Although appellee had solicited Adolfsson in an attempt to sell the automatic tube handling system to Norden, Inc. after appellant's withdrawal, appellee was unaware that appellant would call Adolfsson as an expert witness. In a letter dated December 13, 1996, Mr. Breen informed Mr. Spero that he was withdrawing U.S. Automation Company from its list of trial witnesses. Consequently, Breen unilaterally canceled the deposition of appellant's expert witness, Leonard Holm. Breen did not advise Spero that he would be calling any of the witnesses identified in his Supplemental Responses.
After hearing the evidence and deliberations, the jury entered a verdict for appellee and against appellant on the complaint and entered a verdict for appellee on its counterclaim. The jury awarded appellee $147,622 in damages on the counterclaim. On December 27, 1996, appellant filed a Motion for New Trial and for Relief from Judgment. Subsequently, on January 6, 1997, appellant filed a Motion for Judgment Notwithstanding the Verdict. Via Judgment Entry dated January 29, 1997, the trial court overruled appellant's motions.
It is from the judgment entry on the verdicts, the judgment entry denying appellant's post-trial motions, and rulings during trial appellant appeals raising the following assignments of error:
 I. THE COURT ERRED IN SUBMITTING THIS CASE TO THE JURY AND SHOULD HAVE DECIDED ALL ISSUES IN EQUITY AT A BENCH TRIAL BASED UPON THE COURT'S FINDINGS OF FACT AND CONCLUSIONS OF LAW.
 II. THE TRIAL COURT ERRED IN EXCLUDING THE TESTIMONY OF PLAINTIFF'S KEY FACT AND EXPERT WITNESS, MR. GORAN ALOLFSSON, OF NORDEN, INC., AT TRIAL.
 III. THE COURT ERRED BY FAILING TO DETERMINE THAT THE PARTIES SETTLED THE CASE BEFORE TRIAL.
 IV. THE TRIAL COURT ERRED IN DENYING PLAINTIFF'S MOTION FOR NEW TRIAL AND FOR RELIEF FROM JUDGMENT ON VERDICT FILED DECEMBER 27, 1996.
 V. THE JURY VERDICT AGAINST ALCO AND IN FAVOR OF ZARLENGA INDUSTRIES ON THE COUNTERCLAIM IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND SHOULD BE VACATED.
 I
In its first assignment of error, appellant maintains the trial court erred in submitting the case to the jury. Specifically, appellant contends the court should have decided the case in a bench trial because only equitable remedies were available to appellant.
Civ. R. 38 (B) provides, in pertinent part:
 Demand. Any party may demand a trial by jury on any issue triable of right by a jury by serving upon the other parties a demand therefor at any time after the commencement of the action and not later than fourteen days after the service of the last pleading directed to such issue. Such demand shall be in writing and may be indorsed upon a pleading of the party. If the demand is endorsed upon a pleading the caption of the pleading shall state "jury demand endorsed hereon." * * *
Appellant's complaint was originally filed with a jury demand endorsed thereon. However, prior to trial on December 18, 1996, appellant filed a motion requesting that the trial court hear and determine all the issues in the matter. Appellee's answer and counterclaim included a jury demand.
The counterclaim alleged breach of contract and sought damages, issues which are "triable of right by a jury". The fact that appellant ultimately sought only equitable remedies does not preclude a jury from hearing the case because the allegations set forth in appellee's counterclaim are clearly subject to determination by a jury. Accordingly, we find the trial court did not err in submitting the case to the jury.
Appellant's first assignment of error is overruled.
 II
In its second assignment of error, appellant asserts the trial court erred in excluding the testimony of Mr. Goran Adolfsson at trial. Specifically, appellant maintains Mr. Adolfsson's appearance at trial could not constitute a surprise to appellee when appellee solicited Norden, Inc. in an attempt to sell the automatic tube handling system.
The applicable standard of review is abuse of discretion. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. We must look at the totality of the circumstances in the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably.
In a letter dated December 9, 1996, Attorney Breen advised Attorney Spero "only one representative from U.S. Automation will testify." Mr. Breen further advised Mr. Spero that appellant would "call no other technical experts at the December 16 trial." Subsequently, on December 9, 1996, appellant filed a supplemental response to discovery, which included the name of Goran Adolfsson as a potential witness. In its Supplemental Response, appellant noted that Mr. Adolfsson if called, would be called as an expert witness. The deposition of Leonard Holm, the one expert from U.S. Automation identified by appellant, and the deposition of William Harris, appellee's expert, were scheduled for December 13, 1996. However, on December 13, 1996, in a faxed letter, Breen informed Spero that he was withdrawing U.S. Automation from appellant's list of trial witnesses, and unilaterally canceled the deposition of Leonard Holm. Breen never advised Spero that he planned to replace Holm with Adolfsson as an expert.
As a result of appellant's actions, appellant had the opportunity to depose appellee's expert witness, however, appellee did not have the opportunity to depose Adolfsson. Although appellee may have been familiar with Adolfsson and his company via its prior solicitation, and appellant's identification of Adolfsson as a possible expert witness, we find appellee was justifiably surprised by appellant's calling Adolfsson as an expert given the correspondences of appellant's counsel. Accordingly, we find the trial court did not abuse its discretion in concluding appellant's disclosure was untimely and in excluding Adolfsson from testifying when his identity as a potential expert witness was not disclosed until one week prior to trial.
Based upon the foregoing reasons, appellant's second assignment of error is overruled.
 III
In its third assignment of error, appellant asserts the trial court erred in failing to determine that the parties had reached a settlement agreement prior to the commencement of trial.
The applicable standard of review is abuse of discretion, which is set forth supra.
On December 6, 1996, Attorney Breen sent Attorney Spero a letter regarding the proposed settlement agreement. Although Breen did not set forth all the terms of the proposed settlement in the letter, Breen did advise Spero that he had the authority to dismiss the case with or without prejudice prior to trial on December 16, 1996. Appellee does not dispute the receipt of said letter. The record, however, does not contain any evidence which establishes that appellee agreed to the proposal mentioned in the letter.
The language of the December 6, 1996 letter is insufficient to demonstrate an actual settlement between the parties. The letter simply discusses the redrafting of a proposed settlement. The actual terms of that proposal are not set forth therein. Additionally, the mere receipt of the letter by appellee is not tantamount to a confirmation of settlement and/or an acceptance of a proposed settlement. Accordingly, we find the trial court did not err in denying appellant's request for a continuance and proceeding to trial on the scheduled date.
Appellant's third assignment of error is overruled.
 IV
In its fourth assignment of error, appellant claims the trial court erred in denying its post-trial motions.
The applicable standard of review is abuse of discretion, which is set forth supra.
The reasons upon which appellant grounds his motion for new trial and for relief from judgment on the verdict are identical to the arguments set forth in appellant's first three (3) assignments of error. Because we found, supra, either each of appellant's arguments had no merit or the trial court did not abuse its discretion, we further find the trial court did not abuse its discretion in denying appellant's post-trial motions.
Assignment of error four is overruled.
 V
In its fifth assignment of error, appellant submits the jury verdict against appellant and in favor of appellee on the counterclaim is against the manifest weight of the evidence.
We are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v.Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence.C. E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279.
On January 16, 1995, the parties signed the Summary of Specifications, dated December 19, 1994. This document was an attachment to Proposal Number S-1992 Addendum IV, dated December 12, 1994. Neither Addendum IV nor the Summary of Specifications contained an integration clause or any such language requiring that any modification to the contract be in writing and signed by both parties. Subsequently, on March 22, 1995, appellant sent appellee a purchase order, which contained a page of "Terms and Conditions." Paragraph 16 of the "Terms and Conditions" reads, in pertinent part:
 This contract constitutes the entire agreement between the parties relating to the goods or services which are the subject hereof. No modification shall be binding upon Buyer unless in a writing signed by Buyer's authorized representative.
Although the purchase order is signed by a representative of appellant, the purchase order and the terms and conditions contained therein were not approved by appellee. The record reveals that over the course of the development and construction of the machine, appellant, through its authorized representatives, made modifications to the original specifications. Appellee advised appellant of the effects of the various modifications and proceeded to develop the system accordingly.
Appellant's argument that a signed, written modification requirement became a term of the contract as a result of the March 22, 1995 purchase order is erroneous. A party cannot unilaterally add a term or condition to a contract simply by forwarding a document containing said term or condition to the other party. From the testimony, the jury could find appellant modified the original specifications for the machine and that appellee designed and created a machine which met those new specifications. In light of this determination, the jury could conclude appellant breached its contract with appellee when it withdrew its purchase order for the machine in March, 1996. Accordingly, the jury's verdict in favor of appellee on its counterclaim is not against the manifest weight of the evidence.
Assignment of error five is overruled.
The Judgment Entries of the Stark County Court of Common Pleas are affirmed.
By: Hoffman, J., Farmer, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
CASE NO. 97CA00065
For the reasons stated in our accompanying Memorandum-Opinion, the Judgment Entries of the Stark County Court of Common Pleas are affirmed.